IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENDRICK TERRELL, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:05-CR-268-ODE-JSA |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL ACTION NO. |
| | : | 1:17-CV-2849-ODE-JSA |

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Kendrick Terrell filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on July 23, 2017,[1] in which he raised three claims: (1) his sentence is comprised of unconstitutional double counting because a prior conviction was used to enhance his current sentence; (2) his 240-month sentence was unreasonable; and (3) he received ineffective assistance of counsel because counsel incorrectly advised him about the sentence he would receive. (Doc. 238). For the reasons that follow, the undersigned hereby **RECOMMENDS** that the

---

[1] Under the federal "mailbox rule," both a *pro se* federal habeas petition and a § 2255 motion are deemed to be filed on the date they were delivered to prison authorities for mailing, and absent evidence to the contrary, the Court presumes the prisoner delivered his pleading to prison officials on the day it was signed. *See Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008).

Government's motion to dismiss the § 2255 motion [Doc. 243] be **GRANTED** and that the instant motion to vacate sentence (Doc. 238) be **DISMISSED**.

I.   Procedural History

On March 15, 2006, Movant, represented by Chris Jensen, entered a guilty plea to one count of conspiracy to possess with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(i) and 841(b)(1)(A)(iii), and one count of aiding and abetting the distribution of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), and Section 2.  (Doc. 134).  (Doc. 51; Doc. 217, Attach. 1).  On August 11, 2006, Senior U.S. District Judge Orinda D. Evans sentenced Movant to a net total of 240 months of imprisonment to be followed by five years of supervised release, which was entered on August 14, 2006.  (Docs. 196, 202).  Movant did not file a direct appeal of his convictions and sentences.

Movant filed the instant *pro se* § 2255 motion on July 23, 2017, and raises three claims.  (Doc. 238).  Movant argues that the motion is not barred because he has constitutional claims, he is *pro se*, he is indigent, and he does not know the law.  (*Id.*).  The Government has filed a motion to dismiss the § 2255 motion [Doc. 243],

and argues that the instant motion to vacate is untimely and that Movant has not demonstrated that equitable tolling is warranted.[1] The undersigned agrees.

II.   Analysis

   A.   The Motion to Vacate is Untimely.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The Government has requested a *nunc pro tunc* extension of time to respond to the instant § 2255 motion. (Doc. 243 at 2). That request is **GRANTED** and the Government's response and motion to dismiss, filed on October 11, 2017, is accepted as filed.

3

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Movant's sentence was entered on August 14, 2006, and he had fourteen (14) days from that date to file an appeal. *See* Fed. R. App. P. 4(b)(1)(A). Having not filed an appeal, Movant's convictions became final on August 28, 2006, and Movant therefore had until August 25, 2007, to file a § 2255 motion. The instant motion, filed nearly eleven years later, is therefore untimely under §2255(f)(1).

### B.  Movant Is Not Entitled To Equitable Tolling.

To the degree that the Court can construe Movant's claims that he is *pro se*, could not afford a lawyer for an appeal, and is not "vested" in the law as an argument that he is entitled to equitable tolling, the one-year limitation period contained in §2255(f) is subject to equitable tolling in appropriate cases where "extraordinary circumstances" stood in the movant's way and prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling a movant must show that he has been pursuing his rights diligently, *Lawrence v.*

4

*Florida*, 549 U.S. 327, 336 (2007), and a movant "bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence."  *Mazola v. United States*, 294 F. App'x 480, 482 (11th Cir. 2008); *Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004); *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004); *Drew v. Department of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  *See also Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) ("This Court has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.").  Put another way, equitable tolling is "a rare and extraordinary remedy[,]" and "mere conclusory allegations are not sufficient to raise the issue."  *Doe v. United States*, 469 F. App'x 798, 800 (11th Cir. 2012).

Here, Movant merely claims in a conclusory manner that his § 2255 motion should not be barred because "it is a Constitutional claim that he intend[s] to argue." (Doc. 238 at 25).  Insofar as Movant also argues that he is a *pro se* litigant, that he has no means to hire an attorney, he was not "vested" in the law, and that he had no counsel to file an appeal, none of those circumstances constitute "extraordinary circumstances" so as to warrant equitable tolling.  *See, e.g., Hess v. Secretary,*

5

*Dep't of Corr.*, No. 16-14118-E, 2017 WL 6607169, at \*2 (11th Cir. Oct. 18, 2017) ("[T]his Court has held that *pro se* status and ignorance of the law do not warrant equitable tolling."); *Jackson v. McLaughlin*, No. 17-11474-B, 2017 WL 4844624, at \*2 (11th Cir. July 12, 2017) ("[I]gnorance of the law or lack of education does not justify equitable tolling."); *Horsely v. University of Ala.*, 564 F. App'x 1006, 1008-09 (11th Cir. 2014) ("[W]e have previously rejected the notion that *pro se* status, [or] ignorance of the judicial process . . . can warrant the application of equitable tolling."); *Daniel v. Gordy*, No. 4:17-cv-0036-KOB-JEO, 2018 WL 1305464, at \*3 (N.D. Ala. March 13, 2018) ("[I]t must be recognized at the outset that Daniel's being 'incarcerated, indigent and . . . without counsel since his convictions' are plainly not extraordinary circumstances that might support equitable tolling. . . . Nor are his lack of legal training or that he was generally ignorant of his legal rights or applicable legal procedures."). Nor does Movant provide any justification whatsoever for why he did nothing for more than a decade after the deadline for filing an appeal, and/or the limitation period, had expired.

As a result, the Court finds that Movant has failed to meet his burden to demonstrate either extraordinary circumstances or due diligence, and, therefore,

6

Movant is not entitled to equitable tolling. Accordingly, the instant § 2255 motion is untimely.

III.  Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Government's motion to dismiss the § 2255 motion [Doc. 243] be **GRANTED** and that Movant's motion to vacate sentence [Doc. 238] be **DISMISSED** as untimely.

IV.  Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the

7

existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant's claims are time-barred. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED** this 26th day of April, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE