FILED IN CHAMBERS
U.S.D.C. - Atlanta
JUN 01 2018
James N. Hatten, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENDRICK TERRELL,<br>Movant, | : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | : | CRIMINAL ACTION NO.<br>1:05-CR-268-ODE-JSA |
| UNITED STATES OF AMERICA,<br>Respondent. | : | CIVIL ACTION NO.<br>1:17-CV-2849-ODE-JSA |

## ORDER AND OPINION

The matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 244] and Movant's objections thereto [Doc. 246]. The Court reviews *de novo* the portions of the R&R to which Movant has objected and reviews for plain error the remaining portions. *See* 28 U.S.C. §636(b)(1); Fed. Civ. P. 72(b)(3); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

I. Procedural History

On March 15, 2006, Movant entered a guilty plea to one count of conspiracy to possess with the intent to distribute heroin and cocaine and one count of aiding and abetting the distribution of cocaine base ("crack"). (Doc. 134; Doc. 51; Doc. 217, Attach. 1). On August 11, 2006, this Court sentenced Movant to a net total of 240 months of imprisonment to be followed by five years of supervised release, which was entered on August 14, 2006. (Docs. 196, 202). Movant did not file a direct appeal of his convictions and sentences.

Movant filed the instant § 2255 motion on July 23, 2017, and raises three claims. (Doc. 238). Movant argues that the motion is not time-barred because he has constitutional claims, he is *pro se*, he is indigent, and he does not know the law. (*Id.*). The Government filed a motion to dismiss the motion as untimely. (Doc. 243).

United States Magistrate Judge Justin S. Anand entered the final R&R on April 26, 2018, and recommended that this Court grant the Government's motion to dismiss the § 2255 motion as untimely. (Doc. 244). Magistrate Judge Anand also concluded that Movant had not demonstrated that equitable tolling was warranted. (*Id.*).

II. Movant's Objections

Movant's objections merely appear to reiterate his claim that the motion is not untimely because his issues are constitutional claims. (*See generally* Doc. 246).[1] Movant further argues that Magistrate Judge Anand should not have dismissed the motion without analyzing the merits of the case. Movant, however, still provides no reason why he waited nearly eleven years after the limitation period expired to file his § 2255 motion.

Movant's objections are without merit, and the Court finds no plain error in the remainder of the R&R. The Court agrees with the R&R's conclusion that the instant § 2255 motion is untimely.

Accordingly,

The Court **OVERRULES** Movant's objections [Doc. 246], **ADOPTS** the R&R [Doc. 244] as the judgment of this Court, and denies a certificate of appealability.

---

[1] Movant appears to equate the Government's late response with Movant's untimely § 2255 motion, and argues that he should be granted relief because the Government filed that late response to the § 2255 motion. (Doc. 246 at 3). Movant's argument, however, makes no sense. First, the Government's response was two months late, the Government showed good cause therefor, and its motion for an extension of time was granted. (*See* Docs. 243, 244). Additionally, Movant, not the Government, is bound by the limitation period in 28 U.S.C. § 2255(f)(1); thus, Movant's argument that the Government's response was filed outside of the one-year limitation period is to no avail. Finally, Movant essentially seeks default judgment, which is not available relief in a § 2255 motion. *See Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (holding that default judgment is not contemplated in habeas corpus proceedings).

**IT IS SO ORDERED** this 1 day of June, 2018.

                         ORINDA D. EVANS
                         UNITED STATES DISTRICT JUDGE